## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

REGINALD A. HEWELL,                   :
                                      :
                Petitioner,           :
                                      :
v.                                    :        CASE NO. 4:08-CV-64 (CDL)
                                      :
JIMMY SIKES, Warden, and              :          28 U.S.C. § 2254
THURBERT BAKER, Attorney              :        Habeas Corpus Petition
General of the State of Georgia,      :
                                      :
                Respondents.          :

## REPORT AND RECOMMENDATION

On March 28, 2005, Petitioner Hewell, who is currently serving a sentence at the Spalding County Correctional Institution, pled guilty in the Muscogee County Superior Court to two counts of aggravated assault and possession of a firearm by a convicted felon . (R-1, p. 4). Petitioner was sentenced to twenty years with fifteen years to be served in prison. *Id*. On January 19, 2006, the Georgia Court of Appeals denied Petitioner's direct appeal by affirming his convictions. *Id.* On January 16, 2007, Petitioner filed a state habeas petition which, after a hearing was held on March 26, 2007, was ultimately denied on September 20, 2007. (R-11, Exh. 3). Petitioner's Application for Probable Cause to Appeal was thereafter denied by the Georgia Supreme Court on April 21, 2008. (R-11, Exh. 4). On May 20, 2008, Petitioner filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254. (R-1). Respondent filed his Answer-Response on September 12, 2008. (R-11).

**<u>Standard of Review</u>**

As amended April 24, 1996,  by the Anti-terrorism and Effective Death Penalty Act

(AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court shall
> not be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim –
> > (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the evidence
> presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment
> of a State court, a determination of a factual issue made by a
> State court shall be presumed to be correct.  The applicant shall
> have the burden of rebutting the presumption of correctness by
> clear and convincing evidence.
> > (2) If the applicant has failed to develop the factual basis
> of a claim in State court proceedings, the court shall not hold an
> evidentiary hearing on the claim unless the applicant shows that
> > (A) the claim relies on –
> > (i) a new rule of constitutional law, made retroactive to
> cases on collateral review by the Supreme Court, that
> was previously unavailable; or
> > (ii) a factual predicate that could not have been
> previously discovered through the exercise of due
> diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States

Supreme Court set forth the present standard of review for claims adjudicated on the merits

in state courts as established by the AEDPA in regard to state prisoner's applications for a

writ of habeas corpus in  the federal district courts, stating:

2

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523.  Justice O'Connor, writing for the majority of the Court,  added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id.* at 1521.  In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

*Id.* at 1522.


## Petitioner's Habeas Claims

3

## I.      Unlawful Conviction

In his first enumeration of error, Petitioner contends that he was offered an "illegal and unconstitutional guilty plea." (R-1, p. 7). Petitioner contends that his conviction violates O.C.G.A. § 17-7-170 and that the prosecution was on notice of said violation. *Id.* Pursuant to the Georgia Code, section 17-7-170 deals with a criminal defendant's right to file a speedy trial demand following indictment in a noncapital case.

As is noted by the Respondent in his Answer-Response, Petitioner's first claim of error is purely a question of state law. Petitioner does not allege that this claim demonstrates a violation of the Constitution, laws, or the treaties of the United States as is necessary for relief pursuant to 28 U.S.C. § 2254, but , rather, alleges a violation of Georgia law. *See* 28 U.S.C. § 2241 (c)(3). Questions of pure state law do not raise issues of constitutional dimension cognizable for federal habeas corpus review. *Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).

Furthermore, Petitioner pled guilty to the crimes charged and was sentenced accordingly. the United States Supreme Court, in ruling on issues raised by a petitioner as to constitutional deprivations which might have occurred prior to the entry of a guilty plea, held:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Additionally, in *Tiemens v. United States,* 724 F.2d 928, 929 (11th Cir.) (per curiam) the court held that "[A] guilty plea waives all nonjurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process," *cert. denied,* 469 U.S. 837, 105 S.Ct. 134, 83 L.Ed.2d 74 (1984).

For those reasons, Petitioner's claim that his conviction was unlawful because it violated O.C.G.A. § 17-7-170 is without merit.

## II.    Ineffective Assistance of Counsel

In his second enumeration of error, Petitioner contends that his trial attorney was ineffective when he failed to file an interstate detainer agreement.  (R1, p. 7).  The record reveals that this claim was raised by Petitioner in his state habeas petition and was decided adversely to him. (R-11, Exh. 3).  Ultimately, the Wilcox County Superior Court found that Petitioner failed to establish either prong of ineffective assistance of counsel as to this claim. *Id*.  Thus, the court found that Petitioner's claims failed the standard as set out in *Strickland v. Washington*,  466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Pursuant to *Williams v. Taylor*, the burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams* at 410.

In the current case, Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of counsel.  A review of that decision fails to show that Petitioner has established

that the state habeas court unreasonably applied the *Strickland* test.  Furthermore, the Petitioner's contentions fail to show that the state habeas court's findings were contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor*.  Thus, it is recommended that Petitioner is not entitled to relief on his claims that his attorney was ineffective for failing to file an interstate detainer agreement.

## III.    Prosecutorial Misconduct

Petitioner's final enumeration of error contains a vague claim that prosecutorial misconduct occurred when the trial court denied him a direct appeal.  (R-1, p. 7).  Petitioner cites no legal authority nor any further argument as to this claim.  It should first be noted that Petitioner did file a direct appeal which was reviewed and ruled upon by the Georgia Court of Appeals.  *See Hewell v. State*, 277 Ga. App 265 (2006).  Therefore, any claim that he was denied a direct appeal is disingenuous.

Furthermore, the Respondent correctly states in his Answer-Response that Petitioner did allege prosecutorial misconduct in his state habeas petition, claiming that the prosecutor unlawfully induced his guilty plea.  (R-11, Exh. 3).  However, Petitioner did not allege any other claims of prosecutorial misconduct in his state petition.  The Eleventh Circuit Court of Appeals has held that "[a] state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999): *citing Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497 (1977).  "[P]rocedural default can arise in two ways.  First, where the state court correctly

6

applies a procedural default principle of state law to arrive at the conclusion that petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision." *Bailey*, 172 F.3d at 1302; *citing Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992), cert. denied, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.E.2d 865 (1995); *Meager v. Dugger*, 861 F.2d 1242, 1245 (11th Cir. 1988).  "Second, if the petitioner simply never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey*, 172 F.3d at 1303 (11th Cir. 1999); *citing Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998), cert. denied. 525 U.S. 963, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998) (additional citations omitted).

Furthermore, a federal court is barred from a review of a state prisoner's federal claims where there is a failure to comply with an independent and adequate state procedural rule, unless the prisoner can show either 1) cause for the default and actual prejudice growing out to the alleged violation of federal law, or 2) a resulting fundamental miscarriage of justice if the federal court does not consider the claims.  *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 2565 (1991); *Aldridge v. Dugger,* 925 F.2d 1320, 1327 (11th Cir. 1991).  A fundamental miscarriage of justice has occurred when a court finds that a constitutional violation has probably resulted in the conviction of an innocent person.  *Murray v. Carrier,* 106 S.Ct. 2639, 2649 (1986).

The "cause" excusing the procedural default must result from some objective factor

7

external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct.  *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986); *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 1472 (1991).

To meet the "prejudice" prong required, a federal habeas petitioner generally must show that a cause or circumstance beyond his control worked to his actual and substantial disadvantage, infecting his entire trial with error or constitutional dimensions.  *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 1596 (1982).

Likewise, a pro se petitioner is not exempt from the cause and prejudice requirement of *Wainwright v. Sykes*.  433 U.S. 72.  A mere possibility of actual prejudice resulting from an error at trial will not waive the procedural bar where other substantial evidence of guilt is present. *Sykes,* 433 U.S. at 91.  A petitioner's "failure to act or think like a lawyer cannot be cause for failing to assert a claim" since he has no constitutional right to counsel during habeas corpus proceedings.  *Harmon v. Barton,* 894 F.2d 1268, 1275 (11th Cir. 1990); *quoting Smith v. Newsome,* 876 F.2d 1461, 1465 (11th Cir. 1989); s*ee McCoy v. Newsome,* 953 F.2d 1252 (1992).

Inasmuch as Petitioner's claims are legally barred in the State court for not having been timely raised there, they are, by the foregoing federal authority, likewise barred from consideration in this court.  Relevant to the issue of whether this court has the authority to review these issues, the Official Code of Georgia, in Section 9-14-51, states that:

> All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless

8

the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

Therefore, Petitioner's claim that prosecutorial misconduct occurred when the trial court denied him a direct appeal is procedurally barred and Petitioner is not entitled to relief on that ground.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 7th day of October, 2008.


S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE


eSw

9